UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

VLADIMIR ULYANCHUK,

    Plaintiff,

v.

VIRGINIA M. NORRIS, et al.,

    Defendants.

CASE NO. C13-1810JLR

ORDER

On October 21, 2013, the court ordered Defendants Virginia M. Norris and John Doe to show cause why this case should not be remanded to Snohomish County Superior Court of the State of Washington for lack of subject matter jurisdiction. (10/21/13 Order (Dkt. # 5).) Defendants did not file a response to the court's order (*see* Dkt.), and it appears the court has no subject matter jurisdiction over this case.

As the court explained in its previous order, Defendants' Notice of Removal invokes the court's subject matter jurisdiction but provides no proper basis for doing so, alleging only that "the Notice to Quit upon which the civil action is based incorporates by

ORDER- 1

1 reference federal law, viz., Title VII of the Emergency Economic Stabilization

2 'Protecting Tenants at Foreclosure Act of 2009,' 123 Stat. 1660 ("EESA") . . . and hence

3 a federal statute is drawn in question in this cause." (10/21/13 Order at 1-2.)

4     It is not enough that a federal statute be "drawn into question." Federal question

5 jurisdiction requires that at least one claim "aris[e] under" federal law. 28 U.S.C. § 1331.

6 An action "arises under" federal law if (1) federal law creates the plaintiff's cause of

7 action; or (2) the plaintiff's right to relief necessarily depends on resolution of a

8 substantial question of federal law. *Grable & Sons Metal Pros., Inc. v. Darue Eng'g &*

9 *Mfg.*, 545 U.S. 308, 312 (2005).

10     Those conditions are not met here. This is an unlawful detainer action. (*See*

11 Compl. (Dkt. # 1-1).) Federal law does not create this cause of action, nor is it readily

12 apparent that Plaintiff's right to relief necessarily depends on resolution of a substantial

13 question of federal law or, indeed, any question of federal law at all. It is not enough for

14 a federal statute to be somehow involved in the case. *Grable & Sons*, 545 U.S. at 312.

15     The court hereby ORDERS that this case be remanded to Snohomish County

16 Superior Court. The court further ORDERS that pursuant to 28 U.S.C. § 1447(c) the

17 //

18 //

19 //

20 //

21 //

22 //

ORDER- 2

1 | clerk shall send a certified copy of the remand order to the clerk of Snohomish County
2 | Superior Court.  Finally, the court ORDERS that the clerk shall close this matter.
3 |   Dated this 5th day of November, 2013.

JAMES L. ROBART
United States District Judge

ORDER- 3